UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PRAVIN PATEL** | **CASE NO. 2:21-CV-02559** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INSURANCE SERVICES OFFICE INC, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim [doc. 6] filed by defendant Insurance Office Inc. ("ISO") under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiff Pravin Patel has filed no response and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from damage sustained by plaintiff's property during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, plaintiff alleges, the property was insured under a policy bearing number LAS361149600 and issued by defendants ISO and Sagesure Insurance Managers, LLC. Doc. 1. Plaintiff filed suit against the defendants in this court on August 18, 2021, alleging

that they were liable for breach of contract and bad faith due to their failure to render full payment upon satisfactory proof of loss. Doc. 1.

ISO now moves to dismiss the claims against it. It asserts that it is not a party to any insurance contract with plaintiff and that plaintiff therefore fails to state a claim for relief. It also asserts that there is no basis for the court's exercise of personal jurisdiction, because ISO is a Delaware corporation with its principal place in New Jersey and did not establish sufficient contacts with Louisiana. Doc. 6, att. 1. Plaintiff has not responded to the motion in the time allotted, rendering it unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

The court may take judicial notice of ISO's licensure status, as reflected on the Louisiana Department of Insurance's Company Search database. *See* Louisiana Department of Insurance – Company Search, *available at* https://ldi.la.gov/onlineservices/ActiveCompanySearch/ (last accessed November 23, 2021). This database shows that ISO is licensed only as a rating organization within the state of Louisiana and has held this license since 1971. *Id.* Accordingly, it could not have issued the policy that is the subject of this complaint.

Because ISO is not plaintiff's insurer, there is no basis for plaintiff's claims against it for breach of insurance contract. *See, e.g.*, *Lili Collections, LLC v. Terrebonne Par. Consol. Gov't*, 175 So.3d 434, 436 (La. Ct. App. 1st Cir. 2015) ("No right of action for breach of contract may lie in the absence of privity of contract between the parties.") And without a valid underlying contract claim, there is no basis for plaintiff's bad faith claims. *E.g.*, *Phillips v. Patterson Ins. Co.*, 813 So.2d 1191, 1195 (La. Ct. App. 3d Cir. 2002).

Accordingly, plaintiff fails to establish any cause of action against ISO and the motion to dismiss under Rule 12(b)(6) should be granted.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss for Failure to State a Claim [doc. 6] will be **GRANTED** and the Motion to Dismiss for Lack of Personal Jurisdiction will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on this 24th day of November, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**